IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMUEL ROBLES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

OPINION and ORDER

18-cv-449-wmc
17-cr-39-wmc

Invoking rights under 28 U.S.C. § 2255, petitioner Samuel Robles has filed a motion to vacate and set aside the sentence this court imposed on November 8, 2017. Before the government is required to respond, Rule 4 of the Rules Governing Section 2255 Cases requires that this court evaluate whether his petition crosses "some threshold of plausibility." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered Robles' motion, supporting brief and other materials from his criminal proceedings before this court. Since Robles has no plausible claim for relief, his motion will be denied.

RELEVANT BACKGROUND

On July 12, 2017, petitioner Samuel Robles was charged in a three-count superseding indictment with: knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1); knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C.

1

§§ 841(a)(1) & (b)(1)(B); and knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On August 11, 2017, Robles pled guilty to the charge of knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine.

In preparation for sentencing, the Probation Office submitted a Presentence Investigation Report ("PSR"). (No. 17-cr-39 (dkt. #60).) Relevant to Robles' present petition, the PSR explained that investigators learned in July of 2015 through various individuals that Robles had been involved in selling ounce-to-kilogram quantities of cocaine since as early as 2013, and from one individual in particular who reported purchasing at least 10 kilograms of cocaine from Robles between July 2013 and December 2014. (*Id.* ¶ 11.) The PSR also noted that in December 2016, a second individual claimed that Robles was a kilogram-quantity distributor of cocaine, and that he/she had personally purchased kilogram quantities of cocaine from Robles in the past. (*Id.* ¶ 12.) An addendum to the PSR further noted that the same individual told investigators that Robles was looking for a new connection in Milwaukee to whom he could sell cocaine. (Addendum to PSR, No. 17-cr-39 (dkt. #72) 3.) That individual then worked with investigators to arrange for controlled purchases in 2017 leading to the charges filed against Robles.

Accordingly, the Probation Office's calculation of the amount of cocaine involved in the conduct relevant to the crime of conviction included 10 kilograms from the 2013/2014 purchases alone. After factoring in other cocaine sales from 2017, the Probation Office calculated the total amount of cocaine involved in Robles' drug

2

distribution to be 12.782 kilograms of cocaine, making his base offense level 30 under § 2D1.1.

Unsurprisingly, Robles' counsel objected to the PSR's calculation of the amount of cocaine involved. Counsel argued that (1) the credibility of the unknown informant was questionable and (2) the information provided by that individual was vague. (Obj. to PSR, No. 17-cr-39 (dkt. #70) 1-2.) Counsel also argued that the information provided to the court did not make it

> clear that any activities prior to 2014 were a jointly undertaken criminal activity by Mr. Robles. However, assuming they were jointly undertaken criminal activities, it is apparent that there are no activities, (taken in the best light of the Government's statement of facts), within the two-year period of December 2014 and December 2016."

(*Id.*) At sentencing, the court rejected those objections, and elaborated at sentencing and again in its statement of reasons as follows:

> [T]he defendant notes that the confidential source claims to have seen between 10 and 20 kilograms at the defendant's residence and purchased at least 10 kilograms of cocaine from the defendant beginning in September 2013 and ending in December 2014. While the defendant appropriately questions the reliability of these claims, he ignores the statement of a <u>second</u> source, who informed investigators in December 2016 that the defendant was looking to find another Milwaukee customer for his cocaine. This second source reported purchasing large quantities of cocaine from the defendant in the past. The source then arranged the controlled purchase of a large amount of cocaine and that cocaine being found in the defendant's residence. This is sufficient verification of the statements of the initial confidential source that the offenses here were part of the defendant's ongoing kilogram quantity cocaine distribution.
>
> Given the court's finding that the defendant's relevant conduct dates back to 2013, therefore, the two points assessed under § 4A1.1(d) are also appropriate. Moreover, were it not determined that the two points are appropriate, the court would have departed upward under § 4A1.3 to represent the defendant's criminal history more adequately, since the

3

> defendant's criminal history calculated as category I despite his previous federal drug conviction involving the delivery of six kilograms of cocaine.

(Statement of Reasons, No. 17-cr-39 (dkt. #83) 5 (emphasis added).)

As a result, the court agreed with the PSR that the offense involved at least 5 kilograms, but not more than 15 kilograms of cocaine, and the base offense level for advisory guideline purposes was 30. The court also applied: a two-level increase because a dangerous weapon was possessed during the course of the crime under § 2D1.1(b)(1); a two-level increase because Robles directed the conduct of his co-defendants under § 3B1.1(c); and a three-level downward adjustment for Robles' acceptance of responsibility and the government's supporting motion under § 3E1.1. Accordingly, the guideline range was 121 to 151 months, and the court imposed a 132-month term of imprisonment, to be followed by four years of supervised release. Despite being advised of his right to do so, Robles and his trial counsel did not appeal his sentence.

OPINION

Robles now claims that his trial attorney was ineffective in failing to object to the relevant conduct calculation in the revised presentence report, and he argues that the court's conclusion as to the relevant conduct calculation was clearly erroneous. However, relief under § 2255 is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). As such, claims omitted on direct appeal may be considered on collateral review only if the petitioner can show good

cause for failing to raise the issue previously and actual prejudice based on the alleged error. *See, e.g., Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005).

While Robles' failure to pursue an appeal may not preclude him from pursuing some claims under § 2255, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), he is not entitled to relief here for at least two reasons. First, his claim is foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post-conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Id*. at 916; *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). In this case, Robles' was sentenced under the guidelines in 2017, twelve years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). The maximum term of imprisonment for violation of 21 U.S.C. § 841(b)(1)(B)(ii) is 40 years; Robles' 132-month term of imprisonment was well under the statutory maximum. Thus, *Hawkins* applies, and Robles' ineffective assistance of counsel argument is foreclosed.

Second, even if Robles' claim were cognizable, his ineffective assistance of counsel claim is a non-starter. Claims for ineffective assistance of counsel are analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under that standard, a petitioner must demonstrate both (1) constitutionally deficient performance by counsel and (2) actual prejudice as a result of the alleged deficiency. *See Williams v.*

*Taylor*, 529 U.S. 390, 39091 (2000). Robles' counsel objected to the total amount of cocaine included in the relevant conduct calculation, raising both a challenge to the use of the confidential informant *and* the fact that the sales from 2013 and 2014 were not sufficiently related to Robles' activities in 2016 to consider them relevant conduct under § 1B1.3. At sentencing, the court addressed both of those issues head-on, concluding that while he might have a point related to one confidential informant, a separate source informed investigators in 2016 that Robles was looking for another customer *and* that the source had purchased from him in the past. The court was persuaded that this was sufficient verification to justify reliance on the statements of the first confidential informant and to conclude that Robles continued to engage in the drug distribution from 2013 through 2017. While Robles' argues that the *court's* analysis was clearly erroneous, he does not explain exactly how its treatment of his specific objections were deficient. Furthermore, if Robles' chief complaint is with the conclusions the court reached, the proper avenue for relief would have been for him to appeal his sentence directly, not to frame it as a challenge to his attorney's performance. For that reason as well, Robles is not entitled to relief.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000)). For all the reasons just discussed, Robles has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that

(1) Petitioner Samuel Robles' motion to vacate under 28 U.S.C. § 2255 (dkt. #1) is DENIED, and his petition is DISMISSED for his failure to state a plausible claim for relief.

(2) No certificate of appealability will issue.

Entered this 6th day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge